IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**RUSTY D. KOHLER,**

        **Plaintiff,**

**v.**                                                                  **No. CIV-16-0170 MCA/LAM**

**NANCY A. BERRYHILL, Acting Commissioner**
**of the Social Security Administration,**

        **Defendant.**

# ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on Magistrate Judge Lourdes A. Martínez' *Proposed Findings and Recommended Disposition* (hereinafter "PF&RD") (*Doc. 25*), filed on January 18, 2017, that recommended denying *Plaintiff's Opening Brief* (*Doc. 19*) (hereinafter "motion"), filed on August 2, 2016, 2016, which the Court construed as a motion to reverse and remand this case to the Commissioner. On February 1, 2017, Plaintiff filed objections (*Doc. 26*) to the PF&RD (*Doc. 25*) and, on February 7, 2017, Defendant filed a response (*Doc. 27*) to Plaintiff's objections. The Court has conducted a *de novo* review of those portions of the PF&RD to which Plaintiff objects, and finds that the objections are without merit. Accordingly, the Court will:

    (1)    **OVERRULE** Plaintiff's objections;

    (2)    **ADOPT** the *Proposed Findings and Recommended Disposition* (*Doc. 25*);

    (3)    **DENY** Plaintiff's construed motion (*Doc. 19*); and

    (4)    **DISMISS** this case, with prejudice.

*Plaintiff's Objections*

In Plaintiff's first objection to the PF&RD, he asserts that, unless a claimant can perform the "full range of work in a specific category," he cannot be assigned jobs within that category. [*Doc. 26* at 1-3]. Thus, since Plaintiff's ability to perform the full range of light work was restricted by the ALJ, he contends that he must be limited to sedentary work. *Id*. However, restrictions that preclude the "full range" of work in an exertional category are not only allowed, but are standard practice. *See, e.g.*, Soc. Sec. Rep. 83-12 (when an individual's RFC "does not coincide with the definition of any one of the ranges of work as defined in . . . the regulations," the ALJ "will consider the extent of any erosion of the occupational base" caused by the departure from the defined work range). This is precisely why vocational experts are routinely consulted in disability cases and are tasked with matching the ALJ's restrictions to jobs within a specific exertional category. Not every job that is designated as "light work" in the Dictionary of Occupational Titles ("DOT") will require performance of the full range of light work. *See, e.g.,* POMS DI 25003.001(C)(2)(4)[1] (vocational expert should be consulted when an RFC falls "between two levels of exertion") (citing Soc. Sec. Rep. 83-14). Plaintiff's assertion that each exertional category is all-or-nothing is simply without support. Therefore, the Court finds that Plaintiff's assertions regarding this issue are without merit, and this objection will be overruled.

Plaintiff also contends that POMS DI 25025.015(B)[2] dictates that, where a claimant is "not disabled" under either of the exertional categories that his RFC falls between, the ALJ should rely on the lower category and, therefore, that the ALJ "should have used the sedentary table rule as a framework." [*Doc. 26* at 3]. First, this is not an argument that Plaintiff made to the Magistrate

---

[1] Available at https://secure.ssa.gov/apps10/poms.nsf/lnx/0425003001 (site last visited February 17, 2017).

[2] Available at https://secure.ssa.gov/apps10/poms.nsf/lnx/0425025015 (site last visited February 17, 2017).

2

Judge, and objections are not intended to provide a means for presenting new arguments after the Magistrate Judge recommends an unfavorable disposition. *See Marshall v. Chater*, 75 F.3d 1421, 1426-27 (10th Cir. 1996). In any event, the referenced POMS rule simply provides that, where an RFC falls between exertional levels, and the medical-vocational grids applicable to each level *both conclude that the claimant is "not disabled,"* the ALJ should cite the rule for the lower exertional level, enter a ruling of "not disabled," and not cite specific jobs that the claimant could perform, because the rules themselves establish that a significant number of jobs exist that the claimant could perform. This directive simply does not support Plaintiff's claim that, when an RFC falls between exertional levels, the ALJ is required to assess the claimant at the lower level. Even if it did, the end result still would be a finding of "not disabled," as indicated by the rule itself. This objection is also without merit and will be overruled.

Plaintiff's next objection asserts that the Magistrate Judge "misunderstood" his argument to the effect that the ALJ erred by not discussing the opinions of Drs. Glass and Remondino that Plaintiff was not capable of "light work." [*Doc. 26* at 4-7]. This argument relies on the same faulty premise as do Plaintiff's preceding arguments. Plaintiff continues to assert that "using the accepted definitions for light and sedentary [work] and their requirements," an opinion that restricts a claimant to less than the full range of work in one category must be considered as endorsement of the lowest category of work in which claimant could perform the full range of work. *Id*. at 5-6. As already explained, Plaintiff's interpretation of the law is not supported. Therefore, this objection is without merit and will be overruled.

Plaintiff next restates the argument he made to the Magistrate Judge, to the effect that he was denied due process by the ALJ's failure to ensure that an article relied upon by the vocational

expert became a part of the record.  *Id*. at 7-8.   This is not an objection so much as it is a second effort by Plaintiff to convince this Court of the validity of an already rejected argument.   In any event, as the Magistrate Judge pointed out, not only did Plaintiff fail to take any steps to obtain the document once he was unable to access it online, he also failed even to argue that his lack of access to the document prejudiced him.   Effectively, this claim is that Plaintiff was unable to access a document online that the vocational expert relied on to determine the limiting effect of a sit-stand restriction.   Such a claim is insufficient to even raise an issue of denial of due process.   Therefore, this objection is without merit and will be overruled.

In Plaintiff's final objection he asserts that the Magistrate Judge's statement that "credibility determinations are peculiarly the province of the finder of fact" (*Doc. 25* at 20) is an "improper post-hoc argument[] made to support the decision" (*Doc. 26* at 9).   Again, Plaintiff misunderstands the legal concepts he seeks to apply.   Post-hoc arguments seek to supply a rationale for the fact-finder's decision that the fact-finder did not himself use.   *See, e.g., Haga v. Astrue*, 482 F.3d 1205, 1207-08 (10th Cir. 2007).   In this case, the Magistrate Judge simply stated the established law regarding appellate review of ALJ decisions.   *See Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995).   Such statements are not post-hoc rationale.   Plaintiff follows that assertion by rearguing his claim that the ALJ's credibility assessment was "wrong."   [*Doc. 26* at 10-14].   However, as the Magistrate Judge pointed out, "[t]he possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ]'s findings from being supported by substantial evidence." *Lax*, 489 F.3d at 1084.   The Magistrate Judge properly assessed the ALJ's credibility determination regarding Plaintiff and found it to be supported by substantial evidence.   Therefore, this objection is also without merit and will be overruled.

**IT IS THEREFORE ORDERED,** for the reasons stated above that:

(1)   Plaintiff's objections to the PF&RD (*Doc. 26*) are **OVERRULED**;

(2)   The *Proposed Findings and Recommended Disposition* (*Doc. 25*) are **ADOPTED** by the Court;

(3)   Plaintiff's motion (*Doc. 19*) is **DENIED,** with prejudice; and

(4)   A final judgment will be entered concurrently with this Order.

**IT IS SO ORDERED.**

_____
**THE HONORABLE M. CHRISTINA ARMIJO**
**UNITED STATES DISTRICT JUDGE**